■ PEARL STREET DEVELOPMENT CORPORATION, Appellant, v CONDUIT AND FOUNDATION CORPORATION, Respondent.—Judgment, Supreme Court, New York County, entered on July 16, 1975, affirmed for the reasons given by Fine, J. at Special Term. Respondent shall recover of appellant $40 costs and disbursements of this appeal. Concur—Kupferman, Murphy, Tilzer and Capozzoli, JJ.; Markewich, J. P., dissents in the following memorandum: I dissent and would reverse Special Term's order and grant the stay of arbitration. A valid agreement between the parties has been made but "has not been complied with" (CPLR 7503, subd [b]), a ground timely raised by petitioner-appellant and, since it involves only a question of law, not referable to an arbitrator. Where I part company with my brethren is on the question of what constitutes the agreement. The entire agreement between the parties consists of not one but two documents: the "prime contract" and the printed "General Conditions." The latter is included by specific reference stated in the former and is as much a part of it as though its entire text had been physically incorporated therein; its effect permeates every clause of the prime contract, even the arbitration clause, though not specifically mentioned in that clause, for there is no basis for separation of that clause from all the others. The entire agreement must be searched within its four corners for language applicable to this case. The general conditions impose a limitation on arbitration: initial submission of the controversy to the architect. This has not been done; the condition has not been complied with. As to this, there is no issue of fact. The stay of arbitration should therefore have been granted.